IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELODY H. COTNER ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| LAW OFFICES OF ROSS ) | |
| GELFAND, LLC, ) | |
| ) | Jury Trial Demanded |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Melody H. Cotner (hereinafter "Plaintiff") is a natural person who resides in Loudon County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Law Offices of Ross Gelfand, LLC (hereinafter "Defendant Gelfand") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Georgia, and may be served through its agent for service of process: Ross Gelfand, 1265 Minhinette Drive, Ste. 150, Roswell, GA 30075.

## FACTUAL ALLEGATIONS

6. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the deficiency balance owed on a repossess vehicle that Plaintiff used for personal and family purposes allegedly owed to Fidelity Bank Bank, in the amount of $14,223.89.

7. Sometime prior to January 20, 2011, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant for collection from Plaintiff.

8. Defendant does not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

### *January 20, 2011 Collection Letter*

9. Within one year prior to the filing of this Complaint, on or about January 20, 2011, Defendant Gelfand sent a collection letter to Plaintiff dated January 20, 2011. A redacted copy of the January 20, 2011 collection letter is filed as Exhibit 1 to this Complaint.

10. The January 20, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

11. The January 20, 2011 collection letter prominently displays the name of Defendant Gelfand at the top, as follows:

*Law Offices
Of*
# Ross Gelfand, LLC

12. The January 20, 2011 collection letter was the initial written communication in connection with collection of the debt sent to Plaintiff by Defendant Gelfand.

13. The January 20, 2011 collection letter stated:

> "Our Client:          FIDELITY BANK BANK
> Account Name:    Melody H. Cotner
> RG:                     10000333
> Amount Due:        $14, 223.89"

14. The January 20, 2011 collection letter further stated:

> "Dear Mr. [sic] Cotner:
>
> It has been determined by an authorized representative of FIDELITY BANK BANK that a compromise is appropriate and we can accept a total of $9,957.00 as full settlement of this account.
> . . .
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ALL INFORMATION FURTHER OBTAINED WILL BE USED FOR THAT PURPOSE.
>
> ALTHOUGH WE ARE A LAW FIRM, LAWYERS MAY ALSO BE DEBT COLLECTORS, AND WE ARE OPERATING ONLY AS A DEBT COLLECTOR AND NOT IN ANY LEGAL CAPACITY AT THIS TIME.  AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS, PERSONALLY, REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT.  ATTORNEYS IN THIS FIRM ARE LICENSED ONLY IN GEORGIA AND WE DO NOT SUE IN ANY OTHER STATE.  MOREOVER, BECAUSE WE ARE NOT ACTING IN ANY LEGAL CAPACITY AT THIS TIME THIS LETTER [sic] SHOULD NOT BE CONSTRUED AS A THREAT OF SUIT BY OUR CLIENT, AS NO SUCH DECISION HAS BEEN MADE BY OUR CLIENT.
>
> Sincerely,
> LAW OFFICES OF ROSS GELFAND, LLC"

(all bold and capital letters in original document)

### *Failure to Send a Written Notice Containing the Amount of the Debt Within Five Days After the Initial Communication*

15. The January 20, 2011 collector letter was the "initial communication" by Defendant Gelfand with Plaintiff in connection with collection of the debt.

16. The January 20, 2011 collection letter stated that the creditor for the debt was Fidelity Bank and the "Amount Due" was $14,223.89.

17. On or about April 1, 2011, over two months after the January 20, 2011 collection letter was sent by Defendant Gelfand, a Civil Warrant and sworn Affidavit were filed in state court in Loudon County, Tennessee (collectively the "collection lawsuit"), and served on Plaintiff. A copy of the April 1, 2011 collection lawsuit is filed as Exhibit 2 to this Complaint.

18. The Civil Warrant and sworn Affidavit were served on Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. The Civil Warrant stated that the amount due on the debt was "For Suit on a sworn account <u>in the principal amount of $13,548.08</u>, plus court costs in the amount of $156.50". (emphasis added) Exh. 3, p. 1.

20. The sworn Affidavit stated that the "[c]redit having been given for all payments and offsets, <u>the account balance of [Plaintiff] is $13,548.08, and is true, just and owing</u>, **<u>which is including interest & late fees</u>**". (emphasis added) (bold and underlined added to handwritten language on the sworn Affidavit)

21. By stating in the January 20, 2011 collection letter that the amount of the debt allegedly owed by Plaintiff was greater than the amount demanded in the April 1, 2011 collection

lawsuit filed over two (2) months later, Defendant Gelfand falsely represented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

22. Within five days after Defendant Gelfand sent the January 20, 2011 collection letter to Plaintiff, Plaintiff had not paid the debt.

23. By stating in the January 20, 2011 collection letter that it had been hired to collect $14,223.89 from Plaintiff, Defendant Gelfand failed to correctly state the amount of the debt on January 20, 2011, in violation of 15 U.S.C. § 1692g(a)(1).

24. Defendant Gelfand's January 20, 2011 initial communication which disclosed the amount allegedly owing failed to list the balance owed and indicate any specifics about any charges or fees that may be associated with the debt and accruing on the balance owed, including the amount of (a) interest (with the applicable interest rate), and (b) other fees, such as late fees.

25. Defendant Gelfand's January 20, 2011 initial communication, which disclosed the amount allegedly owing by Plaintiff made it impossible to determine from the letter the exact amount owed on that date, given the fact that the collection lawsuit filed over two months later, demanded a lower amount.

26. Defendant Gelfand's January 20, 2011 initial communication which disclosed the amount allegedly owing did not expressly state as of what date the balance owed is due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest or other charges, including late fees.

27. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the January 20, 2011 collection letter, and within one year prior to the filing of the original complaint, Defendant Gelfand failed to send

5

Case 3:12-cv-00028-RLJ-HBG   Document 1   Filed 01/20/12   Page 5 of 11   PageID #: 5

Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

28. By failing to state the amount due in the January 20, 2011 collection letter, and indicate any specifics about any charges or fees that may be associated with the debt and accruing on the amount due, including the amount of (a) interest (with the applicable interest rate) or (b) other fees, such as late fees, Defendant Gelfand made a false, deceptive, and misleading representation in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

29. Any procedures maintained (i.e., actually employed or implemented) by Defendant Gelfand to avoid errors under the FDCPA were not reasonably adapted to avoid failing to send Plaintiff a written notice containing the amount of the debt with the initial written communication or within five days after the initial communication.

### *Collection Service Licensing*

30. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3). (emphasis added)

31. "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation. Tenn. Code Ann. § 62-20-102(2)

32. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

33. Defendant Gelfand has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

34. The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law. Tenn. Code. Ann. § 62-20-103(a)(2).

35. The exemption from the licensing requirements for attorneys at law is not a "per se" exemption, with the Tennessee Attorney General interpreting the exemption for attorneys as being "applicable only to those attorneys who seek to collect the debts owing to their clients who have retained them for their services as attorneys." Tennessee Attorney General ("TAG") Opinion No. 00-105. A copy of this opinion is filed as Exhibit 3 to this Complaint.

36. It is clear from the language of Defendant Gelfand's letter that since "NO ATTORNEY WITH THIS FIRM HAS, PERSONALLY, REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT", "ATTORNEYS IN THIS FIRM ARE LICENSED ONLY IN GEORGIA" and "WE ARE NOT ACTING IN ANY LEGAL CAPACITY AT THE TIME THIS LETTER [sic]", Fidelity Bank Bank could only have hired Defendant Gelfand as a collection service and not for its services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

(all capital letters in original)

37. Any procedures maintained (i.e., actually employed or implemented) by Defendant Gelfand to avoid errors under the FDCPA failed to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

38. Any procedures maintained (i.e., actually employed or implemented) by Defendant Gelfand to avoid errors under the FDCPA failed to avoid threatening to take any action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

39. Any procedures maintained (i.e., actually employed or implemented) by Defendant Gelfand to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

40. By attempting to collect the debt from Plaintiff at a time when Defendant Gelfand was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Gelfand violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f. See, *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 fn. 9 (11th Cir. 2010) (See, e.g., *Sibley v. Firstcollect, Inc.,* 913 F.Supp. 469, 471 (M.D.La. 1995); *Russey v. Rankin*, 911 F. Supp. 1449, 1459 (D.N.M. 1995) (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); *Kuhn v. Account Control*

*Tech, Inc.*, 865 F. Supp. 1443, 1451-52 (D.Nev. 1994) (finding failure to register as a debt collector under Nevada law violated 15 U.S.C. § 1692f); *Gaetano v. Payco of Wisc. Inc.*, 774 F.Supp. 1404, 1414-15 n. 8 (D.Conn.1990) (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering 'deprived the plaintiff of her right as a consumer debtor residing within the state to have the Defendant's qualifications as a collection agency reviewed by state authorities.'"); Also, see, *Bradshaw v. Hilco Receivables, LLC,* No. RBD-10-113, 2011 WL 652476, at *10 (Feb. 23, 2011 D. Md.).

41. The failure of Defendant Gelfand to become licensed by the Tennessee Collection Service Board when it could have been hired only as a collection service and not for its services as attorneys in Tennessee would mislead the least sophisticated consumer by suggesting that Defendant Gelfand had state approval to legally attempt to collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

*Summary*

42. The above-detailed conduct by Defendant and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

**TRIAL BY JURY**

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

46. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

01/20/12                                Respectfully submitted,

**MELODY H. COTNER**


/s/     Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com